Rev. 4/18

UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT
**CIVIL APPEAL STATEMENT**

*Please TYPE.  Attach additional pages if necessary.*

11th Circuit Docket Number: 23-12923-D

**Caption:**
Caster, et al. v. Allen, et al.

District and Division: Northern District of Alabama, Southern Division
Name of Judge: Manasco/Marcus/Moorer
Nature of Suit: 441 Civil Rights Voting
Date Complaint Filed: 11/04/2021
District Court Docket Number: 2:21-cv-1536-AMM
Date Notice of Appeal Filed: September 8, 2023
☐ Cross Appeal　　☐ Class Action

Has this matter previously been before this court?
☑ Yes　　☐ No
If Yes, provide
(a) Caption: Caster, et al. v Merrill, et al.
(b) Citation: _____
(c) Docket Number: 22-10272

| | Attorney Name | Mailing Address | Telephone, Fax, Email |
|---|---|---|---|
| For Appellant: ☐ Plaintiff ☑ Defendant ☐ Other (Specify) | See attached | | |
| For Appellee: ☑ Plaintiff ☐ Defendant ☐ Other (Specify) | See attached | | |

*Please CIRCLE/CHECK/COMPLETE the items below and on page 2 that apply.*

| Jurisdiction | Nature of Judgment | Type of Order | Relief |
|---|---|---|---|
| ☑ Federal Question | ☐ Final Judgment, 28 USC 1291 | ☐ Dismissal/Jurisdiction | Amount Sought by Plaintiff: $_____ |
| ☐ Diversity | ☑ Interlocutory Order, 28 USC 1292(a)(1) | ☐ Default Judgment | Amount Sought by Defendant: $_____ |
| ☐ US Plaintiff | ☐ Interlocutory Order Certified, 28 USC 1292(b) | ☐ Summary Judgment | Awarded: $_____ to _____ |
| ☐ US Defendant | ☐ Interlocutory Order, Qualified Immunity | ☐ Judgment/Bench Trial | |
| | ☐ Final Agency Action (Review) | ☐ Judgment/Jury Verdict | Injunctions: |
| | ☐ 54(b) | ☐ Judgment/Directed Verdict/NOV | ☐ TRO |
| | | ☑ Injunction | ☑ Preliminary　☑ Granted |
| | | ☐ Other _____ | ☐ Permanent　☐ Denied |

Page 2                                                                                              11th Circuit Docket Number: _____

Based on your present knowledge:

(1) Does this appeal involve a question of First Impression? ☐ Yes ☑ No
What is the issue you claim is one of First Impression? _____

(2) Will the determination of this appeal turn on the interpretation or application of a particular case or statute? ☑ Yes ☐ No

    If Yes, provide
    (a) Case Name/Statute  Section 2 of the Voting Rights Act
    (b) Citation  52 U.S.C., Section 10301
    (c) Docket Number if unreported _____

(3) Is there any case now pending or about to be brought before this court or any other court or administrative agency that
    (a) Arises from substantially the same case or controversy as this appeal? ☑ Yes ☐ No
    (b) Involves an issue that is substantially the same, similar, or related to an issue in this appeal? ☑ Yes ☐ No

    If Yes, provide
    (a) Case Name  Milligan, et al. v Allen, et al.
    (b) Citation _____
    (c) Docket Number if unreported  2:21-cv-1530 (N.D. Ala.); 23-12922-D (11th Cir.); 23A231 (U.S.); 23A241 (U.S.)
    (d) Court or Agency  Northern District of Alabama; Eleventh Circuit; United States Supreme Court

(4) Will this appeal involve a conflict of law
    (a) Within the Eleventh Circuit? ☑ Yes ☐ No
    (b) Among circuits? ☑ Yes ☐ No

    If Yes, explain briefly:
    See attached

(5) Issues proposed to be raised on appeal, including jurisdictional challenges:
    See attached

I CERTIFY THAT I SERVED THIS CIVIL APPEAL STATEMENT ON THE CLERK OF THE U.S. COURT OF APPEALS FOR THE ELEVENTH CIRCUIT AND

SERVED A COPY ON EACH PARTY OR THEIR COUNSEL OF RECORD, THIS _____ DAY OF _____, _____.

Edmund G. LaCour Jr.                                              /s/ Edmund G. LaCour Jr.
NAME OF COUNSEL (Print)                                           SIGNATURE OF COUNSEL

**Appellant Alabama Secretary of State Wes Allen:**

Edmund G. LaCour Jr.
  *Solicitor General*
James W. Davis
  *Deputy Attorney General*
Misty S. Fairbanks Messick
Brenton M. Smith
Benjamin M. Seiss
Charles A. McKay
  *Assistant Attorneys General*

OFFICE OF THE ATTORNEY GENERAL
STATE OF ALABAMA
501 Washington Avenue
P.O. Box 300152
Montgomery, Alabama 36130-0152
Telephone: (334) 242-7300
Fax: (334) 353-8400
Edmund.LaCour@AlabamaAG.gov
Jim.Davis@AlabamaAG.gov
Misty.Messick@AlabamaAG.gov
Brenton.Smith@AlabamaAG.gov
Ben.Seiss@AlabamaAG.gov
Charles.McKay@AlabamaAG.gov


**Appellees Marcus Caster *et al.*:**

Richard P. Rouco
Quinn, Connor, Weaver, Davies & Rouco LLP
Two North Twentieth
2-20th Street North, Suite 930
Birmingham, Alabama 35203
Telephone: (205) 870-9989
Fax: (205) 803-4143
rrouco@qcwdr.com

Abha Khanna
Makeba Rutahindurwa
Elias Law Group LLP
1700 Seventh Ave, Suite 2100
Seattle, Washintgon 98101
Telephone: (206) 656-0177
AKhanna@elias.law
MRutahindurwa@elias.law

Lalitha D. Madduri
Joseph N. Posimato
Jyoti Jasrasaria
Elias Law Group, LLP

250 Massachusetts Avenue NW, Suite 400
Washington, DC 20001
Telephone: (202) 968-4518
LMadduri@elias.law
JPosimato@elias.law
JJasrasaria@elias.law

**(4)     This appeal involves a conflict of law among circuits**

The Eleventh Circuit and other circuits have held that when a redistricting law that was held to have likely violated federal law has been repealed and replaced by a new redistricting law, the reviewing court "may only consider whether the proffered remedial plan is legally unacceptable because it violates anew constitutional or statutory voting rights—that is, whether it fails to meet the same standards applicable to an original challenge of a legislative plan in place." *McGhee v. Granville Cnty., N.C.*, 860 F.2d 110, 115 (4th Cir. 1988); *see also Dillard v. Crenshaw County*, 831 F.2d 246, 250 (11th Cir. 1987) ("To find a violation of Section 2, there must be evidence that the new plan denies equal access to the political process."); *Miss. St. Chapter, Operation Push. v. Mabus*, 932 F.2d 400, 406-07 (5th Cir. 1991) ("The federal district court is precluded from substituting even what it considers to be an objectively superior plan for an otherwise constitutionally and legally valid plan that has been proposed and enacted by the appropriate state governmental unit.").

In contrast, the district court here "reject[ed] the assertion that the Plaintiffs must" prove that Alabama's newly enacted redistricting law violates federal law before obtaining a federal court injunction prohibiting enforcement of the law. Op. 117.

**(5)     Issues proposed to be raised on appeal, including jurisdictional challenges**

The State of Alabama enacted new congressional redistricting legislation in 2023. The district court enjoined it on two grounds. First, the district court held that it would enjoin use of the law because the court had earlier found that Alabama's 2021 redistricting legislation likely violated Section 2 of the Voting Rights Act, and the 2023 Plan did not create two majority-black districts or something quite close to it. The court held that Plaintiffs did not need to prove that the 2023 Plan likely violated federal law, just that the 2023 Plan did not include two districts in which black voters either comprise a voting-age majority or something quite close to it. Secretary Allen contends that this holding is in error. The 2023 Plan should have remained "the governing law unless it" was "challenged and found to violate" federal law. *Wise v. Lipscomb*, 437 U.S. 535, 540 (1978) (op. of White, J.).

Second, the district court held in the alternative that the 2023 Plan likely violated Section 2. To challenge a redistricting plan under Section 2, a plaintiff must produce an alternative plan that includes an additional majority-minority district that "comports with traditional districting criteria." *Allen v. Milligan*, 599 U.S. 1, 18 (2023). "Deviation from that map shows it is possible that the State's map has a disparate effect on account of race." *Id.* at 26. The Secretary's contention is that none of Plaintiffs' plans sufficiently comported with traditional districting criteria because each split multiple communities of interest kept together in the 2023 Plan, and each Plaintiff plan contained either more splits of counties, less compact districts, or both. The district court, in contrast, held that Plaintiffs did not need to produce a plan that matched the 2023 Plan on every or even any particular traditional districting criterion. The court also refused to defer to the Legislature's findings about communities of interest because doing so would "perpetuate[] vote dilution." Op. 161. The district court recognized that its reasoning was "circular," but held that such reasoning was acceptable here because the court had previously found that the 2021 Plan violated Section 2. Op. 162.

Additional related issues include whether the district court's order comports with the Supreme Court's guidance that "§ 2 never requires adoption of districts that violate traditional redistricting principles." *Allen v. Milligan*, 599 U.S. 1, 30 (2023) (cleaned up), and whether the district court's interpretation of Section 2 comports with the Equal Protection Clause or otherwise raises constitutional questions.

The appeal also raises the issue of whether the balance of harms to the parties and the public interest weigh in favor of or against preliminarily enjoining use of the 2023 Plan for congressional elections.